IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF ANDRIANA HALL, | Plaintiffs, |
| v. | Civil Action Number: 3:16cv248-NBB-JMV |
| SHARANJIT PARMAR, PARMAR TRUCKLINES, UPS GROUND FREIGHT INC. A/K/A UNITED PARCEL SERVICE, | Defendants. |

**ORIGINAL COMPLAINT**

LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF ANDRIANA HALL ("Plaintiffs") files the following Original Complaint against Defendants SHARANJIT PARMAR, PARMAR TRUCKLINES, UPS GROUND FREIGHT INC. A/K/A UNITED PARCEL SERVICE ("UPS") as follows:

**I.
PARTIES**

1. Plaintiff Lolita Pennington is the biological mother of Andriana Hall (deceased), and Ms. Pennington is a citizen and resident of Tupelo, Mississippi in Lee County at the address 507 Lockridge Street, Tupelo, Mississippi 38804. She is the duly qualified and acting Administratrix of the Estate of Andriana Hall pursuant to Order entered in Cause No. 16-0921-41-TKM of the Chancery Court of Lee County, Mississippi on July 8, 2016.

2. Defendant Sharanjit Parmar is an individual who, on information and belief, is a citizen and resident of Manteca, California with the address 1542 Purple Martin Lane, Manteca, CA

95337, and may be served by personally delivering him a copy of the summons and complaint, by leaving a copy thereof at his usual place of abode with any person who is age eighteen years or older and who is a member of Parmar's family, or by leaving a copy thereof at Parmar's usual workplace, with his secretary, administrative assistant, bookkeeper, or managing agent.

3. Defendant Parmar Trucklines is a California corporation, with its principal place of business at 1542 Purple Martin Lane, Manteca, CA 95337, and service may be had by serving its owner, Sharnjit Parmar, at 1542 Purple Martin Lane, Manteca, CA 95337.

4. Defendant UPS Ground Freight Inc. a/k/a United Parcel Service is a Georgia corporation with its principal place of business at 55 Glenlake Parkway, NE, Atlanta, GA 30328, and may be served by serving its registered agent, Corporation Service Company, located at 251 East Ohio Street, Suite 500, Indianapolis, IA 46204.

## II.
## JURISDICTION

5. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332 and Section 1441 (c). The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. This court is the proper venue in that the events giving rise to this action occurred within DeSoto County, Mississippi.

## III.
## FACTUAL ALLEGATIONS

6. On or about April 14, 2016, Andriana Hall was driving westbound on US 78 in heavy rain within Olive Branch, Mississippi when she was apparently clipped by Sharanjit Parmar driving a tractor-trailer for Parmar Trucklines (collectively "Parmar").

7. Ms. Hall lost control of her vehicle and ended up spinning in the westbound lanes of US 78 before coming to a complete stop in the passing lane of westbound US 78.

8. A UPS tractor-trailer was westbound in the passing lane of US 78 also driving in heavy rain.

9. The UPS tractor-trailer driver, who was inattentive and otherwise failed to properly undertake the actions necessary to maintain safe driving conditions for all vehicles on the road at US 78, including driving in a manner conducive to conditions for the size vehicle being operated and other acts or omissions to be discovered, failed to identify Ms. Hall's vehicle at a stop in the passing lane of US 78.

10. Due to the UPS driver's inattentiveness and other acts and omissions to be discovered, the UPS tractor-trailer failed to stop and/or take evasive actions broadsiding Ms. Hall's vehicle, which resulted in fatal injuries to Andriana Hall.

11. As a result of the Defendants' negligence, Lolita Pennington and the wrongful death beneficiaries of Andriana Hall have suffered the loss of opportunity to have her in their lives, suffering mental discomfort, mental anguish and emotional distress, and have incurred other non-economic as well as economic damages.

### IV.
### FIRST CLAIM FOR RELIEF
(v. Parmar for negligence)

12. The allegations of paragraphs 1 through 11 are incorporated by reference, as though set forth fully herein.

13. Under the circumstances, Parmar owed Plaintiffs a duty to operate the tractor trailer with reasonable care, including making a reasonably careful lookout for traffic on the roadway that is commensurate with the dangerous character of the tractor trailer and nature of Olive Branch Mississippi, in particular driving conducive to the conditions and seeing all that comes within the front and side radii of his line of vision.

14. Parmar breached this duty owed to Plaintiffs when he failed to operate the tractor trailer in

a manner that a reasonably prudent tractor trailer driver would operate the tractor trailer under the circumstances based on the dangerous character of the large tractor trailer and the highway, by failing to drive conducive to conditions; failing to ascertain whether any vehicles were in his lane of travel; failing to keep a proper lookout for traffic; and any and all other acts or omissions to be discovered.

15. As a result of the foregoing acts and omissions and others to be discovered, including striking Ms. Hall's vehicle with the tractor trailer causing the vehicle to lose control, Parmar actually and proximately caused Plaintiffs to suffer serious and severe economic, non-economic, and special damages, including but not limited to:

    a.    Wrongful death of Andriana Hall;

    b.    Plaintiffs' past, present, and future mental anguish and emotional distress;

    c.    Plaintiffs' past, present and future loss of the care, maintenance, support, advice, counsel, companionship and society of Andriana Hall and loss of consortium;

    d.    Loss of enjoyment of life by Andriana Hall;

    e.    Loss of wage earning capacity of Andriana Hall;

    f.    The loss of pecuniary value of the life of Andriana Hall;

    g.    Mental anguish and distress by Andriana Hall;

    h.    Physical pain and suffering by Andriana Hall;

    i.    Funeral and burial expenses incurred on behalf of Andriana Hall;

    j.    Any and all other wrongful death damages allowed by law to which the Plaintiffs may be entitled as a result of the wrongful death of Andriana Hall, and which shall be made more fully know at the trial of this case.

WHEREFORE, Plaintiffs request the Court to enter judgment against Parmar for the damages set forth herein from the date of April 14, 2016, until judgment enters, plus pre- and post-

judgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems proper.

## V.
## SECOND CLAIM FOR RELIEF
### (v. UPS for negligence)

16. The allegations of paragraphs 1 through 15 are incorporated by reference, as though set forth fully herein.

17. Under the circumstances, UPS owed Plaintiffs a duty to operate the tractor trailer with reasonable care, including making a reasonably careful lookout for traffic on the roadway that is commensurate with the dangerous character of the tractor trailer and nature of Olive Branch Mississippi, in particular driving conducive to the conditions and seeing all that comes within the front and side radii of his line of vision.

18. UPS breached this duty owed to Plaintiffs when its driver, James Capwell, failed to operate the tractor trailer in a manner that a reasonably prudent tractor trailer driver would operate the tractor trailer under the circumstances based on the dangerous character of the large tractor trailer and the highway, by failing to drive conducive to conditions; failing to ascertain whether any vehicles were in his lane of travel; failing to keep a proper lookout for traffic; and any and all other acts or omissions to be discovered.

19. As a result of the foregoing acts and omissions and others to be discovered, including striking Ms. Hall's vehicle with the tractor trailer causing the vehicle to lose control, UPS actually and proximately caused Plaintiffs to suffer serious and severe economic, non-economic, and special damages, including but not limited to:

    a. Wrongful death of Andriana Hall;

    b. Plaintiffs' past, present, and future mental anguish and emotional distress;

    c.    Plaintiffs' past, present and future loss of the care, maintenance, support, advice, counsel, companionship and society of Andriana Hall and loss of consortium;

    d.    Loss of enjoyment of life by Andriana Hall;

    e.    Loss of wage earning capacity of Andriana Hall;

    f.    The loss of pecuniary value of the life of Andriana Hall;

    g.    Mental anguish and distress by Andriana Hall;

    h.    Physical pain and suffering by Andriana Hall;

    i.    Funeral and burial expenses incurred on behalf of Andriana Hall;

    j.    Any and all other wrongful death damages allowed by law to which the Plaintiffs may be entitled as a result of the wrongful death of Andriana Hall, and which shall be made more fully know at the trial of this case.

WHEREFORE, Plaintiffs request the Court to enter judgment against UPS for the damages set forth herein from the date of April 14, 2016, until judgment enters, plus pre- and post-judgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems proper.

## VI.
## THIRD CLAIM FOR RELIEF
### (v. UPS for vicarious liability on a theory of respondeat superior/agency)

20.    The allegations of paragraphs 1 through 19 are incorporated by reference, as though set forth fully herein.

21.    On information and belief, UPS employed a driver, James Capwell, who operated its tractor trailer for shipping purposes within the United States.

22.    James Capwell operated a tractor trailer, which was apparent to the reasonable observer, including Plaintiffs, that UPS owned and operated based on the appearance and other aspects of the tractor trailer.

23.    While James Capwell operated the tractor trailer that was apparent to the reasonable observer, including Plaintiffs, UPS owned and operated, and while performing shipping services

on behalf of UPS, the James Capwell failed to exercise the reasonable care required of an operator of a tractor trailer under Mississippi law, which caused Plaintiffs the injuries and damages set forth herein.

24. As the driver of the UPS tractor-trailer, James Capwell was an employee/agent/apparent agent of UPS, and UPS is liable for the injuries James Capwell caused Plaintiffs to suffer while he was performing shipping services on behalf of UPS.

25. As a result of James Capwell's acts and omissions, including striking Ms. Hall and her vehicle and other acts and omissions to be discovered, Plaintiffs have suffered severe damages as set forth *supra* in paragraph 19 and subparagraphs a through c therein.

WHEREFORE, Plaintiffs request the Court to enter judgment against UPS for the damages set forth herein from the date of April 14, 2016, until judgment enters, plus pre- and post-judgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems proper.

## VII.
## FOURTH CLAIM FOR RELIEF
(v. UPS for negligent hiring, supervision, and retention)

26. The allegations of paragraphs 1 through 25 are incorporated by reference, as though set forth fully herein.

27. James Capwell was not adequately trained to perform the job of operating and was otherwise not capable of operating the tractor trailer, which struck Ms. Hall in a manner that avoided unreasonable risk of harm to others, for reasons related to his known and apparent inattentiveness, lack of knowledge regarding Mississippi law, and other reasons to be discovered.

28. On information and belief, UPS knew or otherwise had reason to know James Capwell did not have sufficient knowledge, experience, training, or skills to perform the job of operating the tractor trailer without creating an unreasonable risk to others, including Plaintiffs, based a reasonable investigation of James Capwell and reasons to be discovered.

29. UPS further knew or had reason to know it posed a risk to drivers in the State of Mississippi and throughout the United States, including Plaintiffs, by not providing the adequate supervision James Capwell needed, to include, but not limited to, training James Capwell on relevant traffic laws in the State of Mississippi, and otherwise continuing to permit James Capwell to operate its tractor trailer without the proper training.

30. UPS' negligent hiring, supervision, and retention of James Capwell resulted in James Capwell operating the tractor trailer on April 14, 2016, on US 78 in Olive Branch, Mississippi, which ultimately resulted in James Capwell striking Andriana Hall's vehicle while she drove her vehicle causing Ms. Hall to suffer fatal injuries and Plaintiffs to suffer damages, as set forth *supra* in paragraph 19 and subparagraphs a through c therein.

WHEREFORE, Plaintiffs request the Court to enter judgment against UPS for the damages set forth herein from the date of April 14, 2016, until judgment enters, plus pre- and post-judgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems proper.

## VIII.
## FOURTH CLAIM FOR RELIEF
### (v. UPS for gross negligence)

31. The allegations of paragraphs 1 through 30 are incorporated by reference, as though set forth fully herein.

32. UPS' acts and omissions, which constitute a breach of his duty to operate the tractor trailer in a reasonably careful manner, actually and proximately caused Plaintiffs to suffer an immeasurable loss in the death of Andriana Hall.

33. UPS' acts and omissions, including making failing to keep a proper lookout and rive at a speed conducive to the conditions for his tractor-trailer in violation of Mississippi law, were made with utter unconcern for the safety of and total reckless disregard of the rights of all drivers traveling in the lanes on US 78, including Andriana Hall.

34. In addition to the damages set forth *supra* in paragraph 19 and subparagraphs a through c therein of this Complaint, Plaintiffs are entitled to punitive damages for UPS' gross negligence.

WHEREFORE, Plaintiffs request the Court to enter judgment against UPS for the damages set forth herein from the date of April 14, 2016, until judgment enters, plus pre- and post-judgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems proper.

## IX.
## JURY DEMAND

Plaintiffs hereby demand trial by jury.

Based on the foregoing factual allegations and claims for relief, LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANDRIANA HALL pray that the Court find SHARANJIT PARMAR, PARMAR TRUCKLINES, UPS GROUND FREIGHT INC A/K/A UNITED PARCEL SERVICE liable for all damages set forth herein, including punitive damages, pre-judgment and post-judgment interest, costs, and attorney's fees, and any such further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,

**BRIDGFORTH & BUNTIN, PLLC**
*Attorneys for Plaintiffs*

s/ Taylor Buntin
Taylor Buntin (MSB #7525)
5293 Getwell Road
Southaven, MS 38672
(662) 393-4450
taylor@bridgforthbuntin.com