# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF ANDRIANA HALL,** | ) ) ) ) ) Civil Action No.: 3:16cv248-NBB-JMV |
| *Plaintiffs*, | ) ) |
| vs. | ) **JURY TRIAL DEMANDED** ) ) |
| **SHARANJIT PARMAR, PARMAR TRUCKLINES, UPS GROUND FREIGHT INC. a/k/a UNITED PARCEL SERVICE,** | ) ) ) ) ) |
| *Defendants*. | ) |

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

As the parties in the above-captioned action (this "Action") are currently engaged in discovery, and because they believe that such discovery has, shall, or will involve information of a confidential nature, and because they agree and consent to this Stipulated Protective Order of Confidentiality (this "Order"), the Court hereby orders as follows:

(1) This Order shall govern the treatment of all documents and things, as well as any information contained in such documents and things, and all copies, excerpts, or summaries thereof (collectively, the "Material"), produced by the parties (each a "Producing Party" or "Designating Party"), whether voluntarily or in response to a discovery request, deposition notice, subpoena, or request for admission.

(2) If a Producing Party or Designating Party believes in good faith that any of the Material it produces, or is requested to produce, contains or discloses trade secrets, personal, or

financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature (collectively, the "Confidential Information"), it shall designate the Material as "CONFIDENTIAL." This designation shall be made in the following manner at the time the Material is produced:

(a) With respect to documents, each page containing Confidential Information shall bear the designation "CONFIDENTIAL" and the designation shall be placed conspicuously but shall not obstruct the document's contents;

(b) With respect to electronically stored information ("ESI") produced in a digital format, each page of ESI containing Confidential Information shall bear the designation "CONFIDENTIAL." If the Producing Party or Designating Party cannot stamp the ESI with the designation "CONFIDENTIAL," the Producing Party or Designating Party shall indicate the inclusion of Confidential Information in its file naming convention (*e.g.,* "BATES-000001.CONFIDENTIAL.xls"). If and when the same are printed, the printed ESI shall be stamped with the designation "CONFIDENTIAL" in accordance with this subparagraph;

(c) With respect to pleadings and motions, and/or responses to interrogatories, document requests and/or requests for admission, each page containing Confidential Information shall bear the designation "CONFIDENTIAL";

(d) With respect to depositions, the Producing Party or Designating Party may invoke the "CONFIDENTIAL" designation on the record at the time of the deposition or by serving page and line designations within ten (10) days after receipt of the final transcript from such deposition. All deposition transcripts shall be treated as Confidential Information for ten (10) days after receipt of the final transcript even if the transcript, in whole or part, was not designated as "CONFIDENTIAL" at the deposition or hearing; and

(e) If a Designating Party believes in good faith that specific Material produced by another party contains or discloses Confidential Information, the Designating Party shall designate the same as "CONFIDENTIAL" in accordance with Paragraph 2 above.

(3) Unless otherwise ordered by the Court, Confidential Information shall be maintained in confidence by the parties to whom it is produced and shall be used solely for purposes of, and in connection with, this Action. For purposes of this Action, the receiving parties shall not disclose Confidential Information to persons other than the following:

(a) Attorneys representing parties in connection with this Action and persons regularly employed in the offices of such attorneys;

(b) The parties associated with this Action and their parent companies, subsidiaries, affiliates, officers, directors, employees and in-house legal counsel to the extent that such Confidential Information is necessary to participate in the Action or to assist in-house counsel, attorneys representing parties in connection with this Action, and persons regularly employed in the offices of such attorneys;

(c) Outside testifying or non-testifying experts retained in connection with this Action who agree to be bound by this Order as set forth below in Paragraph 4;

(d) The Court (including any appellate court), court personnel, jurors and court reporters appearing at depositions, hearings or at trial; and

(e) Third-party vendors hired by attorneys on behalf of the parties in connection with preparing for trial, labeling and/or copying Material containing Confidential Information.

(4) Attorneys for the parties may permit testifying or non-testifying expert(s) retained for this instant action to review Material that discloses Confidential Information entitled to

protection under this Order, but must first obtain from said testifying or non-testifying expert(s) a written statement confirming each expert's agreement to comply with every element of this Order in the form attached hereto as "Exhibit A." Said expert(s) shall agree that Confidential Information entitled to protection under this Order shall not be disclosed to any other person and the same shall not be photocopied or reproduced by any means other than for use in this lawsuit. The parties reserve the right to maintain work product objections for consulting experts not intended to testify at trial, and this objection is preserved even if the expert receives confidential materials and even if the expert signs the acknowledgment of confidentiality.

(5) The inadvertent production of or failure to designate Material as "CONFIDENTIAL" shall not constitute a waiver of confidentiality, and the Producing Party or Designating Party may thereafter designate the same as Confidential Information.

(6) The parties shall exercise good faith in designating Material as Confidential Information, and agree that the receipt of Material designated as "CONFIDENTIAL" is not an admission that the same does *in fact* contain or reflect Confidential Information.

(7) If a receiving party disagrees with the "CONFIDENTIAL" designation for specific Material, the receiving party shall notify the Producing Party or Designating Party in writing of the same and state the basis for such disagreement. If the parties cannot reach agreement after receipt of such notice, the party resisting the designation may file an appropriate motion with the Court in accordance with Paragraph 8. The parties shall continue to treat as "CONFIDENTIAL" all Material so designated until the Court rules, or the parties reach agreement, on the dispute. The party opposing the motion shall bear the burden of persuasion as to the propriety of the "CONFIDENTIAL" designation.

(8) In the event that a party intends to file with the Court any Material that discloses, or purportedly discloses, Confidential Information, the party intending to file such Material (the "filing party") shall, prior to such filing, give all parties written notice of its intention to file such Material. The written notice shall state (a) the specific identity, by Bates number, of the Material sought to be filed; and (b) the reason(s) why the filing party believes such filing is appropriate. If the parties agree that such Material should be filed under seal, they shall file a joint consent motion requesting that the Court accept and file the same under seal in accordance with L.U. Civ. Rule 79. If the parties cannot reach agreement within five (5) days after receipt of such written notice, the party who contends the information must be filed under seal shall file a motion requesting that the Court accept and file such Material under seal in accordance with L.U. Civ. Rule 79 for use in adjudication by the Court. If the Court determines that such Material may not be filed under seal, the party desiring sealing may file an appeal to the District Judge in accordance with the applicable Rules. All Material containing any Confidential Information and which is the subject of the appeal shall be treated as Confidential and shall not be filed pending such ruling by the District Judge. In the event that, upon appeal, the District Court determines that such Material may not be filed under seal, the party seeking leave to file the Material shall redact all Confidential Information which is not required for the Court's consideration of the Motion or pleading at issue, and file only such unredacted portions of the Material as determined in good faith to be required for the Court's consideration of the issue(s) at hand.

(9) Subject to the Federal Rules of Evidence, Material that discloses Confidential Information may be offered as an exhibit at a hearing or trial. Prior to such use at a hearing or trial, and/or during such hearing or trial, any party may move the Court for an Order directing

that the Material be received *in camera* and/or under other conditions designed to prevent unnecessary disclosure. The Court shall then determine whether the Materials should be treated as Confidential and what protections shall be afforded to such Confidential Information.

(10) Consenting to or otherwise complying with the terms of this Order shall not:

(a) Prejudice the rights of any party to object to the production of Material on any proper basis;

(b) Prejudice the rights of any party to object to the authenticity or admissibility of Material on any proper basis;

(c) Prejudice the rights of any party to seek a determination by the Court as to whether Material was properly designated as Confidential Information and/or seek a protective order for further or additional protections;

(d) Prevent the parties, subject to the Court's approval, from altering or waiving in writing the protections herein with respect to any particular set of Confidential Information, and/or

(e) Limit, expand or otherwise affect the rights or obligations of the parties to disclose or withhold Material in accordance with applicable law.

(11) In the event that any party is served with a subpoena or other process issued by a court of competent jurisdiction to produce Confidential Information, such party shall promptly notify counsel for the Producing Party or Designating Party by electronic mail. The party who receives such a subpoena or process shall reasonably cooperate with the Producing Party or Designating Party if it opposes production.

(12) Within ninety (90) days of the date of termination of the Action through

settlement or the issuance of a final non-appealable order, each party shall, unless otherwise agreed, assemble all Material that discloses Confidential Information in its possession, custody or control, including all copies thereof, and send the same to the Producing Party, or Designating Party, or destroy the same. If the latter, counsel shall certify that a good faith search for Material that discloses Confidential Information was made and the same was destroyed.

(13) In the event that attorney-client, work product and/or other privileged Material is inadvertently produced in the Action, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any proper claim of privilege or protection. If a claim of inadvertent production is made under this Paragraph, the receiving party shall return to the Producing Party all copies of the same within three (3) business days of receipt of such notice. The Producing Party shall hold all such documents and materials for *in camera* inspection by the Court, if necessary. The Producing Party shall carry the burden of persuasion as to all claims of privilege. The receiving party shall not use such Material for any purpose unless and until the Court enters an order holding that the Material is not privileged or protected.

(14) In the event that additional parties intervene or are joined in the Action, they shall have access to Material that discloses Confidential Information by executing a stipulation consenting to the terms of this Order and filing the same with the Court.

(15) This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information.

(16) Any violation of this Order may subject the violating party to sanctions including, but not limited to, attorneys' fees and costs.

SO ORDERED, this 26th day of June, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

**STIPULATED TO BY:**

Taylor Buntin, Esq.
BRIDGFORTH & BUNTIN, PLLC
5293 Getwell Road
Southaven, MS 38672
taylor@bridgforthbuntin.com

Stewart D. Matthews, Esq.
Andrew G. Counts, Esq.
THE TRACY LAW FIRM
4701 Bengal Street
Dallas, Texas 75235
smatthews@vehiclesafetyfirm.com
*Attorneys for Plaintiff*

Robert A. Cox, Esq.
Ronna D. Kinsella, Esq.
GLASSMAN, WYATT, TUTTLE & COX, P.C.
26 N. Second Street
Memphis, Tennessee 38103
rcox@gwtclaw.com
rkinsella@gwtclaw.com
*Attorneys for Defendant UPS Ground Freight, Inc.*

James B. Summers, Esq.
James M. Simpson, Esq.
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Ave, Suite 650
Memphis, TN 38103
jsummers@allensummers.com
jsimpson@allensummers.com
*Attorneys for Parmar Defendants*

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| **LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF ANDRIANA HALL,** | )<br>)<br>)<br>) Civil Action No.: 3:16cv248-NBB-JMV |
| *Plaintiffs*, | )<br>)<br>) **JURY TRIAL DEMANDED** |
| vs. | )<br>) |
| **SHARANJIT PARMAR,**<br>**PARMAR TRUCKLINES,**<br>**UPS GROUND FREIGHT INC.**<br>**a/k/a UNITED PARCEL SERVICE,** | )<br>)<br>)<br>) |
| *Defendants*. | ) |

## **CONSENT TO STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**

The undersigned, having read and understood the Stipulated Protective Order of Confidentiality, dated _____, governing the restricted use of documents and other information designated as "CONFIDENTIAL," which have been obtained from the parties by reason of discovery in the above-captioned matter, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Signed: _____

Dated: _____

_[signature]_
Taylor Buntin, Esq.
BRIDGFORTH & BUNTIN, PLLC
5293 Getwell Road
Southaven, MS 38672
taylor@bridgforthbuntin.com

Stewart D. Matthews, Esq.
Andrew G. Counts, Esq.
THE TRACY LAW FIRM
4701 Bengal Street
Dallas, Texas 75235
smatthews@vehiclesafetyfirm.com
*Attorneys for Plaintiff*

_[signature]_
James B. Summers, Esq.
James M. Simpson, Esq.
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Ave, Suite 650
Memphis, TN 38103
jsummers@allensummers.com
jsimpson@allensummers.com
*Attorneys for Parmar Defendants*

_[signature]_
Robert A. Cox, Esq.
Ronna D. Kinsella, Esq.
GLASSMAN, WYATT, TUTTLE & COX, P.C.
26 N. Second Street
Memphis, Tennessee 38103
rcox@gwtclaw.com
rkinsella@gwtclaw.com
*Attorneys for Defendant UPS Ground Freight, Inc.*

7