## IN THE UNITED STATE DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE
ESTATE AND WRONGFUL DEATH
BENEFICIARIES OF ANDRIANA HALL,
ANDRE LAMONT HALL,
ASHLEY HALL, EBONI DABNEY, and
SANDRA DABNEY, AS NEXT FRIEND
TO J.J.D. AND J.R.D., MINORS

Plaintiffs,

v.                                               Civil Action Number: 3:16-cv-248-NBB-JMV

SHARANJIT PARMAR,
PARMAR TRUCKLINES,
UPS GROUND FREIGHT INC
A/K/A UNITED PARCEL SERVICE,

    Defendants.

### PLAINTIFFS' MOTION TO QUASH DEFENDANTS' NOTICE OF DEPOSITION AND REQUEST FOR EMERGENCY HEARING AND PROTECTIVE ORDER AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE

    Comes now Plaintiffs and respectfully request that the Court grant a motion to quash Defendant UPS' Notices to take Plaintiffs' Experts' Depositions of Rodney Ellis, Mike Andrews and Ralph Scott. Defendant UPS unilaterally chose these dates knowing the Plaintiffs' experts were not available.

Plaintiffs have continuously communicated that Plaintiffs' experts would not provide their depositions prior to the Defendants' designation of experts. To do so would not only be prejudicial but be a waste of judicial resources since Plaintiffs' experts will not be able to address the opinions of the Defendants' experts sufficiently, likely resulting in additional depositions. Along that same concern, Plaintiffs have continuously requested the depositions of Defendants' corporate representatives prior to the depositions of Plaintiff's experts. The corporate representatives' testimony may amend, alter or comport with Plaintiffs' experts' opinions, which would be crucial to Plaintiffs' experts' own testimony. To have the Plaintiffs' experts testify prior to the corporate representatives' depositions would, again, be potentially prejudicial and a waste of judicial resources. After quite some time in trying to coordinate dates, Defendants have finally provided Plaintiffs with deposition dates of January 23, 2018 in California for Parmar's corporate representative and January 26, 2018 in Atlanta for UPS' corporate representative.[1]

With these dates being provided, Plaintiffs provided dates to Defendants for Plaintiffs' experts of:

> February 6, 2018 for Mike Andrews;
>
> February 21, 2018 for Rod Ellis;
>
> And, have a tentative date for the economist, Ralph Scott, but Defendants have stated his deposition date is not their biggest concern.

Despite knowing this, Defendant UPS unilaterally noticed the depositions of Plaintiff's experts for <u>next</u> <u>week</u> - December 11-13, 2017 - without consulting with Plaintiffs' counsel. Not only do

---

[1] It is of note, prior dates for the corporate representatives' depositions were agreed upon but withdrawn by Defendant UPS, and since then Defendant Parmar indicated the deposition of its client and corporate representative would need to be in California. Additionally, Plaintiffs have requested dates for the deposition of Defendants' experts, which with the obvious difficulty in scheduling will likely need to occur in late February or early March.

these dates not work with Plaintiff's counsel's schedule at all, Plaintiffs' experts are not available at those times. (See Affidavits of Rod Ellis, attached as EX. 1; and Affidavit of Mike Andrews, attached as EX. 2) Additionally, the location of the depositions was not agreed upon. As such, Plaintiffs request the deposition dates, times and location unilaterally chosen by Defendant UPS for these experts be quashed.

## CONCLUSION

It is imperative, the corporate representative of the Defendants should be presented for deposition prior to Plaintiffs' experts' deposition, and it is imperative Defendants' experts be designated with reports prior to Plaintiffs' experts' deposition. Besides preventing prejudice the the Plaintiffs, this is the most economical manner in which to have these depositions done. Plaintiffs have not faltered on this position since the initial discussions of a scheduling order and then in scheduling these depositions. Plaintiff requested the date of the Defendants' corporate representatives for months, and the dates finally achieved are in late January of 2018. Plaintiffs are providing rather quick turn- around for Plaintiffs' experts' depositions. Despite this, Defendant UPS noticed the depositions for next week, December 11 - 13, 2017. Thus, Plaintiffs are in need of an expedited hearing on the motion to quash and a protective order to prevent Plaintiffs' experts' deposition from taking place prior to the Defendant's corporate representatives' depositions already scheduled.

WHEREFORE, premises considered, Plaintiffs pray that the Court quash Defendants' Notice to Take Deposition of Plaintiffs' experts, Rod Ellis, Ralph Scott and Mike Andrews. Further, or in the alternative, Plaintiffs pray for a protective order indicating the

Plaintiffs' experts' depositions take place after the scheduled Defendants' corporate representatives' depositions.

Since the depositions are noticed for December 11 - 13, 2017, Plaintiffs' respectfully request the Court set an emergency hearing to consider the issues raised in this motion, so that the Plaintiffs may be conclusively excused from providing its exerts' depositions on the dates unilaterally chosen by Defendant UPS.

Respectfully submitted,

**The TRACY firm**

  /s/ Stewart D. Matthews
E. Todd Tracy (Attorney-in-Charge)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
4701 Bengal Street
Dallas, Texas 75235
(214) 324-9000 – Phone
(972) 387-2205 – Fax

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of December, 2017, a true and correct copy of the foregoing document was caused to be served on all counsel of record in accordance with a manner authorized by the Federal Rules of Civil Procedure.

                                                /s/ Stewart D. Matthews
                                                E. Todd Tracy
                                                Stewart D. Matthews
                                                Andrew G. Counts