# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

_____

| | |
|---|---|
| LOLITA PENNINGTON, INDIVIDUALLY ) <br> AND AS REPRESENTATIVE OF THE ) <br> ESTATE AND WRONGFUL DEATH ) <br> BENEFICIARIES OF ANDRIANA HALL, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> vs. ) <br> ) <br> SHARANJIT PARMAR, ) <br> PARMAR TRUCKLINES, ) <br> UPS GROUND FREIGHT INC. ) <br> a/k/a UNITED PARCEL SERVICE, ) <br> ) <br> *Defendants*. ) | Civil Action No.:3:16cv248-NBB-JMV <br><br> **JURY DEMANDED** |

_____

## DEFENDANT UPS GROUND FREIGHT, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES PURSUANT TO RULE 26
_____

Defendant UPS Ground Freight, Inc. ("Defendant" or "UPS"), by and through its counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., respectfully files this Motion to Strike Plaintiff's Expert Disclosures in this matter pursuant to Rule 26 of the Federal Rules of Civil Procedure. In support thereof, UPS would show unto the Court as follows:

1. This matter arises from a multi-vehicle accident that occurred on April 14, 2016.

2. On that date, Andriana Hall ("Hall") was speeding westbound with no headlights on along US 78 in heavy rain near Olive Branch, Mississippi, when she lost control of her vehicle, began to spin, allegedly struck the median cable barrier at least once, and eventually came to a sideways stop blocking the travel lanes of the roadway.

3. At some point after Hall lost control of her vehicle, a white 2003 Chevrolet Impala, she struck at least one other vehicle, a tractor trailer driven by Defendant Sharanjit Parmar on behalf of Defendant Parmar Trucklines (collectively, the "Parmar Defendants"), and then impacted another tractor-trailer driven by James Capwell for Defendant UPS Ground Freight, Inc.

4. Following the series of accidents, Hall was ultimately pronounced dead on the scene.

5. Plaintiff filed suit in this matter on October 28, 2016. (Dkt. 1)

6. Following the Initial Case Management Conference, certain deadlines were established in this case by the Court in the Initial Case Management Order, entered on January 6, 2017. (Dkt. 16)

7. As the case progressed, the parties realized that additional time was needed for discovery, and agreed to jointly petition the Court to amend the original Case Management Order. (*See* Dkt. 42.)

8. The Magistrate Judge required the parties to participate in a telephonic conference concerning the Agreed Motion on July 27, 2017. (*See, e.g.,* Dkt. 43.)

9. During the conference, the Court advised that the parties' requested relief could not be granted as written, but did permit a brief extension of a few of the deadlines which would not affect the trial date already set in this case. These deadlines included moving Plaintiff's expert disclosure deadline was moved to November 20, 2017. (*See* Dkt. 44.)

10. During the conference, the Court was very explicit that no further extensions would be granted to the parties, and that the parties "should not delay" in moving forward with discovery.

2

11. UPS sought and noticed the deposition of the Plaintiff, Lolita Pennington, for October 13, 2017. In the interim, UPS also unsuccessfully attempted to obtain available dates from the Plaintiff for the depositions of other parties and fact witnesses in this matter.

12. It was not until after the Plaintiff's deposition, on October 13th, that the Defendant was able to procure available dates from the Plaintiff. During a conference held by the parties following Plaintiff's deposition, Plaintiff's counsel advised that he wanted to take the Rule 30(b)(6) depositions of both Parmar Trucklines and UPS, the deposition of Defendant Parmar individually, and the deposition of one fact witness.

13. The parties tentatively were able to agree on three (3) dates for the remaining depositions to occur, based upon the availability of counsel.

14. Plaintiff waited until October 16, 2017 to provide a proposed notice for the Rule 30(b)(6) deposition of Defendant UPS's corporate representatives, which contained more than thirty (30) discrete topics. Between October 16th and November 13, 2017, UPS worked diligently with the Plaintiff to provide the sought after discovery within the appropriate and reasonable bounds of the Rules.

15. On November 15, 2017, when no agreement could be reached between the parties, Plaintiff filed a Motion for Entry of Extension of Time and Request for Expedited Hearing, claiming that the inability of the parties to agree upon these "key depositions" requested by the Plaintiff necessitated a sixty (60) day extension of the current deadlines. (*See* Dkts. 48, 49.)

16. The Magistrate Judge held the requested expedited hearing on November 16, 2017 via teleconference. During the hearing, the Court advised that Plaintiff's Motion would be denied for the same reasons provided during the last telephonic hearing on July 27, 2017, in

3

which the Court had previously told the parties it was without discretion to grant any further extension of the case deadlines. According to the Magistrate Judge, Plaintiff's only recourse, if such was necessary, was to petition the Court for a continuance of the trial date, and which, if granted, would then allow for the extension sought.

17. Plaintiff declined to file a Motion for Continuance, and instead proceeded with her "expert disclosures" as originally scheduled on November 20, 2017.

18. These "disclosures" and the accompanying Rule 26 expert reports were notably deficient and failed to meet the basic requirements of Rule 26 of the Federal Rules of Civil Procedure. (*See* Plaintiff's Designation of Expert Witnesses, attached as "**Exhibit 1**;" Expert Report and Documentation provided by Plaintiff's proposed "expert" Rod Ellis, attached as collective "**Exhibit 2;**" Expert Report and Documentation provided by Plaintiff's proposed "expert" Mike Andrews, Ph.D., attached as collective "**Exhibit 3;**" and Expert Report and Documentation provided by Plaintiff's proposed "expert" Ralph D. Scott, Jr., Ph.D., attached as collective "**Exhibit 4.**")

19. Since the time of her "disclosures," Plaintiff has failed to produce relevant and discoverable information pertaining to each of these proposed "experts," their opinions, and the basis, if any, for such opinions. (*See* Defendant's Motion and Supporting Memorandum to Compel Discovery and Request for Expedited Hearing, filed contemporaneously herewith, which is incorporated by reference as if fully set forth herein.)

20. In light of the foregoing, and Plaintiff's failure to provide appropriate and complete disclosures of her proposed experts in this matter pursuant to the Court's Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure, Defendant respectfully submits that Plaintiff's Rule 26 Expert Disclosures and supporting "reports" should be stricken in their

4

entirety.

21. In further support of this Motion, Defendant has filed a Memorandum of Law contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court GRANT the instant Motion and strike Plaintiff's Rule 26 Expert Disclosures in their entirety. Defendant further requests all additional and further relief to which it may be entitled, whether at law or in equity.

Respectfully submitted,

**GLASSMAN, WYATT, TUTTLE & COX, P.C.**

**/s/ Robert A. Cox**
**ROBERT A. COX, ESQUIRE (MSB# 104711)**
**RONNA D. KINSELLA, ESQUIRE (MSB# 101884)**
26 N. Second Street
Memphis, Tennessee 38103
(901) 527-4673 – Telephone
(901) 527-0940 – Facsimile
*rcox@gwtclaw.com*
*rkinsella@gwtclaw.com*
*Our File No. 16-204*

Jonathan R. Friedman (*Pro hac vice*)
P. Shane O'Neill (*Pro hac vice*)
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
404-876-2700(tel)
jfriedman@wwhgd.com
soneill@wwhgd.com
**Attorneys for Defendant UPS Ground Freight, Inc.**

## CERTIFICATE OF SERVICE

       I hereby certify that a Notice of Service concerning the foregoing pleading was filed via the Court's CM/ECF system, which will electronically transmit a copy of said pleading to all counsel of record. In addition, a copy of this pleading has been forwarded to counsel below via electronic mail:

       Taylor Buntin, Esq. (taylor@bridgforthbuntin.com)
       BRIDGFORTH & BUNTIN, PLLC
       5293 Getwell Road
       Southaven, MS  38672

       E. Todd Tracy, Esq. (ttracy@vehiclesafetyfirm.com)
       Stewart D. Matthews, Esq. (smatthews@vehiclesafetyfirm.com)
       Andrew G. Counts, Esq. (acounts@vehiclesafetyfirm.com)
       The Tracy Law Firm
       4701 Bengal Street
       Dallas, Texas 75235

       James B. Summers, Esq. (jsummers@allensummers.com)
       James M. Simpson, Esq. (jsimpson@allensummers.com)
       ALLEN SUMMERS
       80 Monroe Ave, Ste 650
       Memphis, TN  38103

**This the 21st day of December, 2017.**

                                  /s/ Robert A. Cox_____
                                  **ROBERT A. COX, ESQUIRE**