IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, Individually and
As Representative of the Estate and Wrongful
Death Beneficiaries of ANDRIANA HALL,                                PLAINTIFFS,

v.                                                       Civil Action No.: 3:16cv248-NBB-JMV

SHARANJIT PARMAR, PARMAR TRUCKLINES,
UPS GROUND FREIGHT, INC., a/k/a
UNITED PARCEL SERVICE,                                               DEFENDANTS.

## ORDER ON MOTIONS

**BEFORE THE COURT** are Defendant UPS Ground Freight, Inc.'s[1] Motion [77] to Compel Discovery and Request for Expedited Hearing; UPS's Motion [79] to Strike Plaintiff's Expert Disclosures Pursuant to Rule 26; and UPS's Motion [86] to Strike Plaintiff's "Retained Experts".

An expedited hearing was held today wherein the Court took up the motions seriatim and ruled as follows:

**UPS's Motion to Compel [77]**

By this motion, UPS seeks to compel Plaintiff to produce discovery responses. Having heard the arguments of counsel, the Court is of the opinion that complete discovery responses are long overdue, and the necessity of the instant motion was occasioned by Plaintiff's failure to timely and adequately respond. To accomplish completion of the responses, the hearing was recessed and the parties were required to meet and confer in chambers to address any unresolved discovery

---

[1] Hereinafter the Court will refer to the Defendant as "UPS".

1

issues before further intervention by the Court. Following their meet and confer, counsel for the parties announced on the record an agreement to satisfy the issues outstanding concerning the motion to compel.

The Court further found that it was primarily Plaintiff's failure to comply with her obligations to respond to discovery that occasioned the instant motion. However, UPS failed to submit to Plaintiff for execution, prior to filing the motion to compel, a certificate of good faith consultation. Accordingly, the Court finds the ordinary award of all costs against the party at fault for the discovery violation is not warranted in this matter. Instead, the Court awards against the Plaintiff and to UPS *one half* the reasonable fees and expenses incurred by *one* of UPS's counsel in preparing the motion to compel and attending the hearing. UPS shall file an itemization of such fees and expenses within 10 business days of today, and Plaintiff shall have 7 business days thereafter to object on the ground of reasonableness.

**Motion to Strike Expert Disclosures [79] and Motion to Strike Retained Experts [86]**

For the reasons stated by the Court on the record during the hearing, including having considered the appropriate factors for exclusion of expert evidence, UPS's Motion to Strike Expert Disclosures [79] in granted in part and denied in part. Specifically, the motion is granted for failure to comply with FED.R.CIV.P. 26 with respect to Plaintiff's designation of the subject "non-retained" experts, and said designations are hereby STRICKEN. The motion is denied with respect to the subject "retained" experts. And, because UPS's separately filed Motion to Strike Retained Experts [86] is duplicative, that motion is hereby deemed moot.

**IT IS SO ORDERED** this 3rd day of January, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE