IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY and
AS REPRESENTATIVE OF THE ESTATE and
WRONGFUL DEATH BENEFICIARIES OF
ANDRIANA HALL, et al.                                                                    PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:16-CV-00248-NBB-JMV

UPS GROUND FREIGHT, INC. a/k/a
UNITED PARCEL SERVICE                                                                    DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for partial judgment on the pleadings. Upon due consideration of the motion, response, pleadings and applicable authority, the court is ready to rule.

### Factual and Procedural Background

On April 14, 2016, Andriana Hall, the decedent, was driving on US Highway 78 near Olive Branch when her vehicle was clipped by Sharanjit Parmar, who was driving a tractor-trailer for Parmar Trucklines. The contact caused Hall to lose control of her vehicle, spin, and then come to a complete stop in the highway. Soon after, James Capwell, a tractor-trailer driver for Defendant UPS Ground Freight, Inc. ("UPS"), broadsided Hall's vehicle. Hall suffered fatal injuries as a result of these collisions.

As Hall's wrongful death beneficiaries, Plaintiffs filed the instant suit on October 28, 2016, and assert various claims against UPS including negligence for Capwell's actions; negligent hiring, supervision and retention; and gross negligence for Capwell's actions. In its answer, UPS admitted that Capwell was acting within the course and scope of his employment at the time of the incident in question. UPS has further conceded that it is vicariously liable for Capwell's negligence, if any. UPS now moves for partial judgment on the pleadings.

## Standard of Review

Pursuant to Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a 12(c) motion to dismiss, courts employ the same standard as that of deciding a motion under rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.2d 305, 313 (5th Cir. 2002). Accordingly, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Pleadings, therefore, are to be construed liberally, and "judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

## Analysis

In moving for partial judgment on the pleadings, UPS argues that Plaintiffs' direct liability claims fail as a matter of law because it has admitted that Capwell was acting within the course and scope of his employment at the time of the accident in question. District courts in this state have routinely dismissed direct liability claims when an employer admits vicarious liability, as UPS has done in the instant case. *See Dinger v. American Zurich Ins. Co.*, 2014 WL 580889 (N.D. Miss. Feb. 13, 2014); *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012); *Welch v. Loftus*, 776 F. Supp. 2d 222 (S.D. Miss. 2011); *Chapman Lee v. Harold David Story, Inc.*, 2011 WL 3047500 (S.D. Miss. July 25, 2011); *Curd v. Western Express, Inc.*, 2010 WL 4537936 (S.D. Miss. Nov. 2, 2010); *Booker v. Hadley*, 2009 WL 2225411 (S.D. Miss. July 23, 2009); *Walker v. Smitty's Supply, Inc.*, 2008 WL 2487793 (S.D. Miss. May 8, 2008); *Cole v. Alton*, 567 F. Supp. 1084, 1087 (N.D. Miss. 1983).

These courts have reasoned that "once an employer admits it is liable for their employee's actions, evidence that pertains to the issues of the employer's own negligence in hiring or supervision becomes redundant and possibly unfairly prejudicial." *Dinger*, 2014 WL 580889 at *2 (citations omitted). Further, because "it is the driver's conduct that the causes the accident . . . and not the negligence of the employer," then "[p]roof of [negligent hiring, supervision and retention] . . . is unnecessary and duplicitous at best, and at worst could provide unduly prejudicial evidence that is ultimately irrelevant." *Id.*

Although the Mississippi Supreme Court has not spoken directly on the issue, it has held it to be error to admit testimony relevant to a direct liability claim when an employer has admitted vicarious liability. *Nehi Bottling Co. of Ellisville v. Jefferson*, 84 So. 2d 684, 686 (Miss. 1956). Moreover, the Mississippi Court of Appeals has unequivocally held that dismissal of direct liability claims is warranted when the employer concedes vicarious liability. *Carothers v. City of Water Valley*, 2017 WL 2129701, at *5 (Miss. Ct. App. 2017).

It bears repeating that UPS has admitted that Capwell was acting within the course and scope of his employment, and that, consequently, it is vicariously liable for his negligence, if any. Thus, based on the undisputed above-cited authority, the court finds that Plaintiffs' direct liability claims asserted against UPS fail as a matter of law.

## Conclusion

Based on the foregoing discussion, the court finds that the defendant's motion for partial judgment on the pleadings is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 12th day of February, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**