**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

_____

| | | |
|---|---|---|
| **LOLITA PENNINGTON, INDIVIDUALLY** | ) | |
| **AND AS REPRESENTATIVE OF THE** | ) | |
| **ESTATE AND WRONGFUL DEATH** | ) | |
| **BENEFICIARIES OF ANDRIANA HALL,** | ) | **Civil Action No.:3:16cv248-NBB-JMV** |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **JURY DEMANDED** |
| **vs.** | ) | |
| | ) | |
| **SHARANJIT PARMAR,** | ) | |
| **PARMAR TRUCKLINES,** | ) | |
| **UPS GROUND FREIGHT INC.** | ) | |
| **a/k/a UNITED PARCEL SERVICE,** | ) | |
| | ) | |
| *Defendants.* | ) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT UPS GROUND FREIGHT, INC.'S MOTION**
**TO STRIKE THE AFFIDAVITS OF**
**DR. RALPH D. SCOTT AND RODNEY ELLIS**

_____

Defendant UPS Ground Freight, Inc. ("UPS"), by and through its counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., respectfully files this Memorandum of Law in support of its Motion to Strike the Affidavits of Plaintiff's proposed experts Dr. Ralph D. Scott and Rodney Ellis. In further support of its Motion to Strike, UPS would show as follows:

## INTRODUCTION

Plaintiff filed suit in this matter on October 28, 2016. (Dkt. 1) Certain deadlines were established by the Court in its Initial Case Management Order, entered on January 6, 2017. (Dkt. 16) As the case progressed, the parties realized that additional time was needed for discovery, and agreed to jointly petition the Court to amend the original Case Management Order. (*See*

Dkt. 42.)  During the telephonic hearing on the parties' Motion, the Court granted a brief extension of several deadlines—none of which impacted the June 4, 2018 trial date. The deadlines for Plaintiff and the Defendants' expert designations were reset to November 20, 2017 and December 20, 2017, respectively.  (*See* Dkt. 44.)  The Court warned the parties that no further extensions would be granted, and that the parties "should not delay" in moving forward with discovery.

Plaintiff waited until just a little more than a month prior to her expert disclosure deadline in this matter to request depositions of the then-Defendants and their corporate representatives. UPS worked diligently and in good faith with the Plaintiff to schedule the requested depositions, but the parties could not agree upon available dates prior to the January 23, 2016 discovery deadline previously set by the Court.  Therefore, on November 15, 2017, Plaintiff filed a Motion for Entry of Extension of Time and Request for Expedited Hearing, which sought a sixty (60) day extension of the deadlines. (*See* Dkts. 48, 49.)

The Court held a hearing on Plaintiff's Motion on November 16, 2017.  During the hearing of that Motion, Plaintiff's counsel inquired as to whether the Court would be willing to add rebuttal expert disclosure deadlines in this matter.  The Court made clear, as it had on prior conferences with counsel, that the parties were required to comply with the provisions of Rule 26 with regard to their expert disclosures, and that the need for "rebuttals" were quite rare.  The Court was careful to point out that neither rebuttals nor supplements were a substitute for the timely and full disclosures required under Rule 26 by the expert designation deadline.  The Court informed the parties that it would have no problem striking "supplements" that attempted to skirt these deadlines.   The Court then subsequently denied Plaintiff's Motion because it was without discretion to grant any further extensions that—like Plaintiff's requested extensions—would

impact the current trial date. The Court did, however, advise the Plaintiff that she could petition the Court for a continuance of the trial date.

Rather than file a Motion for Continuance or seek further relief from the Court, Plaintiff chose to proceed with submitting her "Designation of Expert Witnesses" on November 20, 2017. However, Plaintiff's disclosures are notably deficient for multiple reasons, and Defendant ultimately was required to move to strike those disclosures with the Court. (*See* Dkts. 77, 78, 79, 80, 86, 87.) The Court then held an in-person hearing on January 3, 2018 to address those deficiencies, ultimately, granting Defendant's Motion to Strike Plaintiff's Expert Designations in part as to all of the "non-retained" experts identified by the Plaintiff as a consequence of Plaintiff's failure to comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure and the Uniform Local Rules this Court related to expert designations.

Following the hearing, and as a result of Defendant's Motion to Compel, which included in part, issues aimed at requiring Plaintiff to disclose the information and documents Plaintiff's proposed experts intended to rely upon in support of their testimony opinions in this case, Plaintiff was required by the Court to supplement her discovery responses and production in this case. (*See* Dkt. 98.) Defendant deposed Dr. Scott on January 9, 2018, and followed up shortly thereafter with the deposition of Ellis on January 16, 2018. During both depositions, Defendant again confirmed with each proposed expert that their opinions and any basis for such opinions were in fact set forth within the "four-corners" of their respective Rule 26 reports. Both experts responded in the affirmative.

On February 2, 2018, Defendant filed two (2) Daubert Motions and corresponding supporting Memoranda of Law to exclude Plaintiff's remaining proposed experts, Dr. Scott and Mr. Ellis, as well as a Motion and supporting Memorandum for Summary Judgment, all in

accordance with the dispositive motions deadline set previously by the Court. Later, on February 16, 2018, Plaintiff filed her responses in opposition to each of those motions, and included as "support" the affidavits of Dr. Scott and Mr. Ellis. (*See* affidavit of Rodney Ellis, attached to the instant Motion as "Exhibit 1;" *see also* affidavit of Dr. Ralph Scott, attached as "Exhibit 2.")

Ellis testified during that deposition that his work and opinions in this matter were in fact all discussed within his original and "supplemental/rebuttal" report. (*See* Ellis Deposition, attached as "Exhibit 3," pp. 16:20-17:13, 61:2-63:4; *see also* Ex. 1 (including as attachments to Ellis's affidavit both his original and "supplemental/rebuttal report").) Now, however, Ellis's affidavit attempts to avoid exclusion under *Daubert* and Rule 702 of the Federal Rules of Evidence by "adding" to the "underlying basis for [his] conclusions" in this case, and purporting to provide the basis for new opinions and arguments used by the Plaintiff in response both to the *Daubert* Motion against Ellis, as well as Defendant's Motion for Summary Judgment. (*See* Ex. 1, ¶¶ 3-7.) Specifically, while never before mentioning 49 C.F.R. 392.14 or the "FMCSA Guidance for § 392.14" or Capwell/Defendant's purported "duties involving potential hazardous conditions" under that regulation, Ellis nevertheless attempts to include them in is affidavit as further areas on which he intends to offer opinions if permitted by the Court. *Id.* at ¶¶ 5-8. Additionally, Ellis appears to attempt to utilize his affidavit as an opening to counter the opinions of Defendant's accident reconstructionist, Dr. Al Dunn, and human factors/visibility expert, Dr. Steve Ardnt, claiming to have "perform[ed] an analysis of the accident" and thereby adding new opinions as expressed by Plaintiff in her Response in Opposition to Defendant's Motion for Summary Judgment. *Id.* at ¶ 4.

Similarly, Plaintiff's other proposed expert, Dr. Ralph Scott, likewise attempts to bolster his own opinions and the purported basis for such opinions in his newly field affidavit, again

after testifying repeatedly under oath that the complete basis for his proposed opinions were all contained within his Rule 26. (*See* Scott Deposition, attached as Exhibit 4," pp. 9:5-9; *see also* Ex. 2 (including as part of the attachments provided Dr. Scott's November 13, 2017 expert report).) Dr. Scott goes on to make previously absent assertions concerning the "generally accepted methodology" used in his report, and identify another report he provided in a totally unrelated matter as further support for his claim that his opinions and alleged methodology are appropriate. *Id.*

The parties are now long past the deadline for Plaintiff to have provided her expert disclosures in this matter. Discovery closed on January 23, 2018. Both Dr. Scott and Mr. Ellis have been deposed at length, and Plaintiff had the opportunity during those depositions to try to rehabilitate her proposed experts, their proposed opinions, and their sworn testimony had she desired to do so. Plaintiff failed to do so, and her belated attempts to interject new opinions and purported bases for those opinions in response to a properly supported, timely filed dispositive motion is not only improper and unduly prejudicial to the Defendant, but violates the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's own prior Orders with regard to applicable deadlines in this case.

## LAW AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26 (a)(2), an expert's report "shall contain a complete statement of all opinions expressed and the basis and reasons therefore; [as well as] the data or other information considered by the witness in forming the opinions…." Fed. R. Civ. P. 26(a)(2)(A). Additionally, Rule 37(c)(1) provides a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)… is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, **or on a motion, any witness or**

**information not so disclosed**" Fed. R. Civ. P. 26(c)(1) (emphasis added). Similarly, under the Local Uniform Rules for this Court, "[a] party must make **full and complete disclosure** as required by Fed. R. Civ. P. 26(a)(2) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order. . . . **Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial**." L.U. Civ. R. 26(a)(2) (emphasis added). The Local Uniform Rules expressly state that any attempt by a party "to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and **may be stricken upon proper motion** or *sua sponte* by the court." Id. (emphasis added).

In this case, Plaintiff was well aware of the deadlines regarding her expert disclosures, the necessity of fully complying with the requirements of Rule 26 and the Uniform Local Rules of this Court with regard to those expert disclosures, and the consequences should she fail to do so. The belated affidavits of Dr. Scott and Mr. Ellis are clear attempts by the Plaintiff to "fill in the gaps" of her expert proof in this matter now that she is faced with Defendant's pending dispositive motions. It is likewise clear that both Plaintiff and her proposed experts were obligated under Rule 26 and the Local Rules to "fully and completely" identify their proposed opinions and any basis for such opinions on or before November 20, 2017 to comply with the Court's Scheduling Order. There is no justification, substantial or otherwise, which can account for the late disclosure of the new opinions, basis and methodology discussed above. Not only that, but these affidavits contradict both Dr. Scott and Mr. Ellis's sworn deposition testimony that all the required information was already contained within their reports. Allowing Plaintiff and her proposed experts to skirt their discovery obligations under the Rules and violate the deadlines set by this Court in such a fashion, particularly now that discovery has long since been

closed and the trial of this matter is just months away, unduly prejudices the Defendant and should not be permitted by the Court.  Under such circumstances, Defendant contends that these affidavits are improper and should be stricken in their entirety.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, UPS respectfully requests that the Court GRANT the instant Motion and strike the Affidavits of both Dr. Ralph Scott and Rodney Ellis in their entirety.  Defendant further requests all additional and further relief to which it may be entitled, whether at law or in equity, under the circumstances.

Respectfully submitted this the 23rd day of February, 2018.

Respectfully submitted,

**GLASSMAN, WYATT, TUTTLE & COX, P.C.**

**/s/ Robert A. Cox**
**ROBERT A. COX, ESQUIRE (MSB# 104711)**
**RONNA D. KINSELLA, ESQUIRE (MSB# 101884)**
26 N. Second Street
Memphis, Tennessee 38103
(901) 527-4673 – Telephone
(901) 527-0940 – Facsimile
*rcox@gwtclaw.com*
*rkinsella@gwtclaw.com*
*Our File No. 16-131*

Jonathan R. Friedman (*Pro hac vice*)
P. Shane O'Neill (*Pro hac vice*)
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA  30326
404-876-2700(tel)
jfriedman@wwhgd.com
soneill@wwhgd.com
*Attorneys for Defendant UPS Ground Freight, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a Notice of Service concerning the foregoing pleading was filed via the Court's CM/ECF system, which will electronically transmit a copy of said pleading to all counsel of record. In addition, a copy of this pleading has been forwarded to counsel below via electronic mail:

Taylor Buntin, Esq. (taylor@bridgforthbuntin.com)
BRIDGFORTH & BUNTIN, PLLC
5293 Getwell Road
Southaven, MS 38672

E. Todd Tracy, Esq. (ttracy@vehiclesafetyfirm.com)
Stewart D. Matthews, Esq. (smatthews@vehiclesafetyfirm.com)
Andrew G. Counts, Esq. (acounts@vehiclesafetyfirm.com)
The Tracy Law Firm
4701 Bengal Street
Dallas, Texas 75235

**This the 23rd day of February, 2018.**

**/s/ Robert A. Cox**
**ROBERT A. COX, ESQUIRE**