IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
ANDRIANA HALL, et al.                                                                    PLAINTIFFS

V.                                           CIVIL ACTION NO. 3:16-CV-00248-NBB-JMV

UPS GROUND FREIGHT, INC., a/k/a
UNITED PARCEL SERVICE                                                                    DEFENDANT

MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The instant wrongful death case arises from a three-vehicle collision sequence. On April 14, 2016, at around 10:30 at night, the decedent, Andriana Hall, was driving westbound on Interstate 78 near Olive Branch, Mississippi. The posted speed limit was 70 mph, it was raining heavily, and the roadway was unlit. Hall was travelling at a speed of 77 mph, as shown by the black box in her car, before her car hydroplaned, spun out of control and crashed into the steel cable barrier in the median between the eastbound and westbound travel lanes.

Hall's car then bounced off the cable barrier, crossed the left lane and crashed into a tractor-trailer driven by Sharanjit Parmar in the right lane. During this collision, Hall's car slid under the back, left-side of Parmar's trailer. Subsequently, Hall's car came to a complete rest in the left lane, perpendicular to oncoming traffic. At this point, none of the exterior or interior lights in Hall's car were illuminated.

During this time, two tractor-trailers were travelling on I-78 in the left lane. The first, a cattle truck, saw Hall's car and, without signaling, swerved quickly into the right lane to avoid collision. The second tractor-trailer was driven by James Capwell, an employee of UPS Ground Freight, Inc. ("UPS"). Capwell had been driving with his cruise control set on 66 mph; but, once he was able to see Hall's car resting in the roadway, he hit his brakes. Capwell, however, was unable to avoid impact and he struck the passenger's side of Hall's vehicle (hereinafter "UPS collision").

Hall was pronounced deceased at the scene of the accident. No autopsy was performed. The DeSoto County Coroner's report states that Hall died in an "accident" and that the Hall's probable cause of death was "multiple trauma (driver) due to car/18 wheeler crash. Car lost control."

Hall's wrongful death beneficiaries filed the instant suit on October 28, 2016, and assert claims for negligence and gross negligence against UPS for Capwell's alleged actions. UPS now moves for summary judgment and argues that no genuine issues of material fact remain and that it is entitled to judgment as a matter of law.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts have placed the burden upon the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex* at 324. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* The Supreme Court has made it clear that "at the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the inquiry performed by the trial judge is merely a "threshold inquiry" of whether a trial is needed. *Id.* at 250.

"Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989). The court has discretion to allow a plaintiff's claims to proceed to trial. *Anderson*, 477 U.S. at 255. Further, when a case presents a "close call," courts generally find this to favor the non-moving party. *E.E.O.C. v. West Customer Management Group, LLC*, 899 F. Supp. 2d 1241, 1258 (N.D. Fl. 2012) (citing *Russsaw v. Barbour Cnty. Bd. of Educ.*, 891 F. Supp. 2d 1281, 1295 (M.D. Ala. 2012)).

## Analysis

Mississippi law requires plaintiffs in wrongful death actions to "establish that the conduct of the defendant proximately caused the injury and death in question." *White v. Yellow Freight System, Inc.*, 905 So. 2d 506, 511 (Miss. 2004) (citing *Berryhill v. Nichols*, 171 Miss. 769, 773, 158 So. 470, 471 (1935)). To sustain this burden, a plaintiff must introduce evidence

demonstrating that "it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Burnham v. Tabb*, 508 So. 2d 1072, 1074 (Miss. 1987) (citing W. Keeton, *Prosser & Keeton on Torts, § 41* (5th ed. 1984)).

In other words, the plaintiff must merely establish "some reasonable connection" between the defendant's actions and the decedent's death. *Id.* Further, "causation may be established by circumstantial evidence" so long as "the circumstances shown . . . take the case out of the realm of conjecture and place it within the field of legitimate inference." *Estate of Gibson ex rel. Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 625 (Miss. 2012) (citing *Tombigbee Electric Power Ass'n v. Gandy*, 216 Miss. 444, 454, 52 So. 2d 567 (1953). In Mississippi courts, "it is only in rare and exceptional cases that a civil case depending upon circumstantial evidence should be taken from the jury." *BFGoodrich Inc. v. Taylor*, 509 So. 2d 895, 904 (Miss. 1987), *overruled on other grounds by Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736 (Miss. 1999).

In moving for summary judgment, UPS argues that Plaintiffs cannot prove that the UPS collision caused Hall's death. The accident sequence leading to Hall's death involved two significant vehicle collisions and one impact with the steel cable barrier. UPS asserts that Plaintiffs failed to present any evidence as to which of these events resulted in Hall's death. UPS further contends that there is no evidence that Hall was even alive at the time that Capwell struck her vehicle. UPS additionally emphasizes that no autopsy was performed and, consequently, there is no evidence identifying Hall's injuries. Lastly, UPS points out that Plaintiffs have designated no expert who will testify as to Hall's cause of death.

In response, Plaintiffs argue that a dispute between the parties as to whether Hall was wearing her seatbelt is a genuine issue for trial which may prove causation. UPS maintains that

4

there is no evidence proving that Hall was ever buckled. Plaintiffs point to black box data retrieved from Hall's car which undeniably shows that Hall was buckled at the beginning of the accident sequence. Plaintiffs do, however, concede that Hall was found to be unbuckled after the UPS collision.

According to Plaintiffs, the only "reasonable inference, therefore, is that after [] Hall's vehicle came to a rest, she took off her seatbelt." Plaintiffs further argue that, based on this inference, "the resulting conclusion is that [] Hall took off her seatbelt before the UPS truck slammed into her. Thus, she was alive at the time of the UPS truck striking her vehicle." Plaintiffs take their contention a step further and opine that "a jury, using its common sense, would likely conclude that it is probable that [the UPS collision] was the probable cause of [Hall's] death."

At this stage of the proceedings, the court must take all of the plaintiffs' evidence as true and interpret it in the light most favorable to the plaintiffs. As such, the court finds genuine issues of material fact including, but not limited to, whether Capwell's actions constituted negligence and whether the UPS collision caused Hall's death. The court notes, however, that were it not restricted in its interpretation of the underlying evidence, UPS likely would have prevailed.

UPS additionally moves for summary judgment as to Plaintiffs' claims for gross negligence and punitive damages. In response, Plaintiffs concede that summary judgment on these claims is appropriate. Accordingly, the court finds that summary judgment should be granted as to the claims of gross negligence, and that these claims should be dismissed.

Conclusion

Based on the foregoing reasons, the court finds that the defendant's motion for summary judgment should be granted in part and denied in part. The motion shall be granted as to Plaintiffs' claims for gross negligence and punitive damages. The motion shall be denied as to Plaintiffs' simple negligence claim and that claim shall proceed to trial. A separate order in accord with this opinion shall issue this day.

This, the 13th day of March, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**