# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

---

| | |
|---|---|
| **LOLITA PENNINGTON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE AND WRONGFUL DEATH BENEFICIARIES OF ANDRIANA HALL,** | ) ) ) ) ) |
| *Plaintiffs,* | ) Civil Action No.:3:16cv248-NBB-JMV ) ) |
| vs. | ) **JURY DEMANDED** ) ) |
| **UPS GROUND FREIGHT INC. a/k/a UNITED PARCEL SERVICE,** | ) ) ) |
| *Defendants.* | ) |

---

## DEFENDANT UPS GROUND FREIGHT, INC.'S
## MOTION *IN LIMINE* TO EXCLUDE UNDISCLOSED/UNTIMELY OPINIONS, TESTIMONY AND/OR EVIDENCE

---

Defendant UPS Ground Freight, Inc. ("UPS"), by and through its counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., respectfully files this Motion *in limine* to exclude the Plaintiff(s), Plaintiff's legal counsel, and witnesses, if any, from attempting to introduce arguments, statements, theories, testimony and/or evidence which were not timely disclosed prior to the Court's discovery deadlines in this matter. In further support of this Motion, Defendant would show as follows:

1. Plaintiff filed suit in this matter on October 28, 2016. (Dkt. 1)

2. Certain deadlines were established by the Court in its Initial Case Management Order, entered on January 6, 2017. (Dkt. 16)

3. However, as the case progressed, the parties realized that additional time was needed for discovery, and agreed to jointly petition the Court to amend the original Case

Management Order. (*See* Dkt. 42.)

4. During the telephonic hearing on the parties' Motion, the Court granted a brief extension of several deadlines—none of which impacted the June 4, 2018 trial date. The deadlines for Plaintiff and the Defendants' expert designations was reset to November 20, 2017 and December 20, 2017, respectively. (*See* Dkt. 44.) The Court warned the parties that no further extensions would be granted, and that the parties "should not delay" in moving forward with discovery.

5. On November 20, 2017, Plaintiff provided what purported to be her required Rule 26 Designation of Experts in this matter. (*See* Plaintiff's Rule 26 Designation of Experts, attached as "**Exhibit 1**.")

6. On the same date, Plaintiff purported to provide her "expert" reports in this matter, most notably for proposed "FMCSR expert" Rodney Ellis ("Ellis") and economist Dr. Ralph Scott ("Scott"). (*See* Ellis' Report, attached as "**Exhibit 2**;" Scott's Report, attached as "**Exhibit 3**.")[1]

7. On January 2, 2018, more than a month after Plaintiff's expert disclosure deadline and the day before the parties were to appear before this Court on Defendant's Motion to Compel Discovery and Request for Expedited Hearing (Dkts. 77-78), Motion to Strike Plaintiff's Expert Disclosures Pursuant to Rule 26 (Dkts. 79-80), and Motion to Strike Plaintiff's "Retained Experts" Pursuant to Rule 26 (Dkts. 86-87), Plaintiff purported to "supplement" her Rule 26

---

[1] As discussed in greater detail in Defendant's Motion and Supporting Memorandum *in limine* to Preclude Plaintiff from Referencing or Otherwise Relying Upon the Work and/or Proposed Opinions of Plaintiff's Withdrawn "Expert," Mike Andrews, Mr. Andrews was also designated and had a report produced on the same date; however, as stated, he was affirmatively withdrawn by the Plaintiff shortly after the January 3, 2018 hearing in which the Court granted Defendant's Motion to Compel and granted in part Defendant's Motion to Strike Plaintiff's Experts, striking all of Plaintiff's proposed "non-retained" experts in this matter. *See also* Defendant's Motion and Supporting Memorandum *in limine* to Exclude Testimony, Opinions and Other Evidence from Plaintiff's Previously Stricken "Non-Retained" Experts. Both Motions are filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

2

expert disclosures in this case, primarily for the purpose of cross-designating Defendant's own experts, Dr. Ashley ("Al") Dunn and and Dr. Steve Arndt for the "limited purpose" of testifying specifically on "the information and opinions contained in [each's] report" as produced by the Defendant in this matter.

8. At the same time, Plaintiff purported to produce "supplemental" reports for, *inter alia*, Ellis. (*See* Plaintiff's First Supplemental Designation of Expert Witnesses, attached as "**Exhibit 4**;" Ellis' Supplemental Report, attached as "**Exhibit 5**.")

9. Following the close of discovery on January 23, 2018 and the dispositive/*Daubert* motions deadline on February 2, 2018, in response to Defendant's *Daubert* Motions to Exclude both Ellis and Scott and Defendant's Motion for Summary Judgment, Plaintiff argued for the first time new "evidence," opinions and theories in an effort to rebut those Motions, and presented additional affidavits from both Ellis and Scott. (*See, e.g.,* Ellis' Affidavit, attached as "**Exhibit 6**;" Scott Affidavit, attached as "**Exhibit 7**.")

10. As indicated by her recent filings, Defendant anticipates that Plaintiff, her legal counsel and/or her witnesses will attempt to interject or otherwise introduce into the trial of this matter untimely and/or undisclosed arguments, statements, theories, testimony and/or evidence.

11. In particular, Defendant expects that the Plaintiff, her counsel, and/or her witnesses will, if permitted, attempt to introduce the following previously undisclosed and/or untimely opinions, testimony and/or evidence, each of which are specifically at issue in the instant Motion:

   a. the interpretation/meaning and purported "violation" of Federal Motor Carrier Safety Regulation ("FMCSR") § 392.14 by UPS driver, Jamie Capwell ("Capwell") in relation to the subject multi-collision, multi-vehicle accident sequence;

   b. Plaintiff's counsel's argument that Hall was belted prior to the subject accident

3

        sequence, and unbelted herself prior to the final collision between her Impala and the UPS tractor;

c.    Plaintiff's attempt to elicit biomechanic, occupant kinematic, and/or other expert opinions from *Defendant's* accident reconstructionist, Dr. Dunn, on topics/issues for which he was never designated; and

d.    Hall's cause of death.

12.    Defendant submits that the introduction of such arguments, testimony, theories, opinions, and/or evidence which was not properly and/or timely disclosed within the discovery period, is contrary to this Court's prior Orders/deadlines, Plaintiff's discovery obligations and/or the Federal Rules of Evidence, and would result in undue prejudice to the Defendant.

13.    Defendant's supporting Memorandum of Law is submitted contemporaneously herewith.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that this Honorable Court GRANT the instant Motion and enter an Order precluding the Plaintiff, her counsel, and any witness called on her behalf from mentioning, referring to, implying, suggesting, or otherwise attempting to convey to the jury in any manner, either directly or indirectly, any of the matters/issues set forth above. Defendant respectfully requests that the Court instruct the Plaintiff and her counsel to warn and caution each of their witnesses, if any, to follow the same instructions.

Respectfully submitted, this the 18th day of April, 2018.

*GLASSMAN, WYATT, TUTTLE & COX, P.C.*

**/s/ Robert A. Cox**
**ROBERT A. COX, ESQUIRE (MSB# 104711)**
**RONNA D. KINSELLA, ESQUIRE (MSB# 101884)**
26 N. Second Street
Memphis, Tennessee 38103
(901) 527-4673 – Telephone
(901) 527-0940 – Facsimile
*rcox@gwtclaw.com*
*rkinsella@gwtclaw.com*
Our File No. 16-131

Jonathan R. Friedman (*Pro hac vice*)
P. Shane O'Neill (*Pro hac vice*)
WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
404-876-2700(tel)
jfriedman@wwhgd.com
soneill@wwhgd.com
***Attorneys for Defendant UPS Ground Freight, Inc.***

## CERTIFICATE OF SERVICE

    I hereby certify that a Notice of Service concerning the foregoing pleading was filed via the Court's CM/ECF system, which will electronically transmit a copy of said pleading to all counsel of record. In addition, a copy of this pleading has been forwarded to counsel below via electronic mail:

    Taylor Buntin, Esq. (taylor@bridgforthbuntin.com*)*
    BRIDGFORTH & BUNTIN, PLLC
    5293 Getwell Road
    Southaven, MS 38672

    E. Todd Tracy, Esq. (ttracy@vehiclesafetyfirm.com)
    Andrew G. Counts, Esq. (acounts@vehiclesafetyfirm.com)
    The Tracy Law Firm
    4701 Bengal Street
    Dallas, Texas 75235

**This the 18th day of April, 2018.**

            **/s/ Robert A. Cox**
            **ROBERT A. COX, ESQUIRE**