IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
ANDRIANA HALL, et al.                                                                   PLAINTIFFS

V.                                                     CIVIL ACTION NO. 3:16-CV-00248-NBB-JMV

UPS GROUND FREIGHT, INC., a/k/a
UNITED PARCEL SERVICE                                                              DEFENDANT

## ORDER

This cause comes before the court upon the plaintiffs' motion to exclude expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993). Plaintiffs request that the court exclude the testimony of Defendant's expert Dr. Steven Arndt.

Rule 702 governs the admission of expert testimony, providing:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert,* the Supreme Court provided additional guidance on the admission of expert testimony. 509 U.S. 579 (1993). The *Daubert* court emphasized that expert testimony must be both relevant and reliable before it may be admissible. *Id.* At 589. However, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are [still] the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* At 596. Further, rejection of expert testimony is the exception rather than the rule. *See* Fed. R. Evid. 702, adv. Comm. Notes (2000).

Defendant has designated Dr. Arndt as an expert in the field of human factors. Human factors is the scientific study of the capabilities and limitations of people as they interact with the environment, technology, roadways, and so forth. *See Mihailovich v. Laatsch*, 359 F.3d 892 (7th Cir. 2004). Plaintiffs do not attack Dr. Arndt's qualifications in this field. Instead, Plaintiffs argue that Dr. Arndt's opinions are unreliable, irrelevant, and will not help the jury determine a fact in issue.

As to reliability, Plaintiffs contend that Dr. Arndt's opinions are mere regurgitations of fact witness testimony. A careful review of Dr. Arndt's expert report and deposition testimony, however, negates this contention. Dr. Arndt thoroughly researched, investigated and analyzed the case. Dr. Arndt's actions included inspecting the accident scene at night, driving through the accident scene in a similar tractor-trailer, taking photographic and video footage depicting the illumination available on the night in question, reviewing vehicle black box data, researching historical weather data for the area, and reviewing all materials in the record. Dr. Arndt also reviewed scientific literature on human factors guidelines for road systems and nighttime crash scenarios. Further, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration." *Vitterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

Plaintiffs additionally argue that Dr. Arndt's opinions are unhelpful to the jury and irrelevant. Whether expert testimony will help the jury determine a fact in issue "goes primarily to relevance." *Daubert*, at 591. "Evidence is relevant if [] it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. "The standard for relevance is a liberal one." *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994). Dr. Arndt's opinions are clearly relevant as they primarily pertain to the main

2

issue in dispute: whether Defendant had sufficient time to react to and avoid colliding with the decedent's car. In particular, Dr. Arndt discusses Defendant's perception of the decedent's vehicle resting in the road way, the cattle truck travelling directly ahead, the low levels of lighting and conspicuity, the heavy rainfall, and how those factors combined to effect Defendant's reaction time. Such information will certainly aid the jury in determining the aforementioned disputed issue.

For these reasons, the court finds that Dr. Arndt's expert report and testimony should be admitted. The court notes, however, that Dr. Arndt has been designated as an expert only in the field of human factors. It is undisputed that he is not qualified in the field of accident reconstruction. Accordingly, any attempt by Dr. Arndt to offer opinions which extend beyond human factors and into the field of accident reconstruction will be prohibited.

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** that Plaintiffs' motion to exclude the expert testimony of Defendant's expert, Dr. Steven Arndt, is **DENIED.**

This, the 18th day of April, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**