IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
ANDRIANA HALL, et al.                                                              PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:16-CV-00248-NBB-JMV

UPS GROUND FREIGHT, INC., a/k/a
UNITED PARCEL SERVICE                                                              DEFENDANT

ORDER

This cause comes before the court upon the defendant's motion to exclude expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendant requests that the court exclude the testimony of Plaintiffs' expert Dr. Ralph Scott.

Rule 702 governs the admission of expert testimony, providing:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert*, the Supreme Court provided additional guidance on the admission of expert testimony. 509 U.S. 579 (1993). The *Daubert* court emphasized that expert testimony must be both relevant and reliable before it may be admissible. *Id.* at 589. Among the factors to be considered are whether the expert opinion is susceptible to testing and has been subjected to such testing; whether the opinion has been subjected to peer review; whether a known or potential rate of error is associated with the methodology used and whether standards exist which control the technique's operation; and whether the theory has been accepted in the scientific community. *Id.* at 593-94.

Plaintiffs have designated Dr. Scott as an expert in the field of economics. Specifically, Dr. Scott opines as to "net cash value of the life" of the decedent or, in other words, the decedent's lost future income. Defendant does not challenge Dr. Scott's qualifications for purposes of this motion. Instead, Defendant argues that Dr. Scott's opinions are unreliable. In particular, Defendant contends both that Dr. Scott's opinions are not based upon sufficient facts or data and are not the product of reliable principles or methods.

In moving to exclude, Defendant asserts that Dr. Scott completely failed to take into account the decedent's prior work history and corresponding earnings nor her limited scholastic achievement. This is confirmed by Dr. Scott's deposition testimony in which he conceded that did not consider these facts although they were available to him. A review of his testimony indicates that Dr. Scott's opinions are not based upon any facts in the record other than the decedent's dates of birth and death.

Defendant additionally objects to the methodology used by Dr. Scott in forming his opinions. Rather than using facts from the instant case in calculating the decedent's future lost income, Dr. Scott relied entirely upon the national average earnings for individuals. Defendant argues that Plaintiffs have failed to demonstrate that such methodology is reliable or that it has been reliably applied in this case.

In response, Plaintiffs cite to *Greyhound Lines, Inc. v. Sutton*, 765 So.2d 1269, 1277 (Miss. 2000), in which the Mississippi Supreme Court held as follows:

> [I]n cases brought for the wrongful death of a *child* where there is *no past income* upon which to base a calculation of projected future income, there is a rebuttable presumption that the deceased child's income would have been the equivalent of the national average as set forth by the United States Department of Labor.

Emphasis added. Plaintiffs' reliance on *Sutton* is misplaced. The *Sutton* approach is relevant and proper only in cases involving the death of a child with no past earnings history. *See Sutton*, 765 So.2d 1269 (finding the methodology applicable in the death of three children, the oldest of

2

whom was eight); *Spotlite Skating Rink, Inc. v. Barnes ex rel. Barnes¸* 988 So.2d 364 (Miss. 2008) (applying the *Sutton* approach in the death of a ten-year old). In the instant case, the decedent was not a child and undisputedly did have past income upon which to base a calculation of her lost future income. Further, the Mississippi Supreme Court has held the application of Dr. Scott's proposed methodology to be inappropriate under circumstances similar to those presented here. *See Rebelwood Apartment RP, LP v. English*, 48 So.3d 483 (finding the *Sutton* approach improper where the decedent was twenty-three years old and had prior earnings history upon which to base lost income calculation). Plaintiffs point to no other authority which supports the admission of Dr. Scott's expert testimony.

Lastly, the court notes that Dr. Scott has filed an affidavit in which he avers that his use of national average earnings is "generally accepted methodology" in the field of forensic economics. Dr. Scott, however, failed to cite any legal or scientific authority to substantiate his averment. An "expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

For these reasons, the court finds that Plaintiffs have not carried their burden in demonstrating that Dr. Scott's opinions are based upon sufficient facts or data or the product of reliable methodology. Accordingly, the court finds that Defendant's motion to exclude the expert report and testimony of Dr. Ralph Scott is well-taken and is, therefore, **GRANTED.**

**SO ORDERED AND ADJUDGED** this, the 18th day of April, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**