IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLITA PENNINGTON, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
AND WRONGFUL DEATH BENEFICIARIES OF
ANDRIANA HALL, et al.                                                                    PLAINTIFFS

V.                                                       CIVIL ACTION NO. 3:16-CV-00248-NBB-JMV

UPS GROUND FREIGHT, INC., a/k/a
UNITED PARCEL SERVICE                                                                    DEFENDANT

ORDER

This cause comes before the court upon the defendant's motion to exclude expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendant requests that the court exclude the expert report and testimony of Rodney D. Ellis.

Rule 702 governs the admission of expert testimony, providing:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert*, the Supreme Court emphasized that expert testimony must be both relevant and reliable before it may be admissible. 509 U.S. 579, 589 (1993). Under *Daubert*, courts are to consider the following factors: whether the expert's technique or theory can be or has been tested; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. *Id.* at 593-95. These factors, however, are neither exclusive nor exhaustive, and trial courts may consider other factors as they see fit. *Id.*

Defendant first attacks the admissibility of Ellis' testimony on the ground that he is unqualified. "Whether a witness is qualified to testify as an expert is left to the sound discretion of the trial judge, who is in the best position to determine both the claimed expertise of witness and the helpfulness of his testimony." *Sullivan v. Rowan Cos.*, 952 F.2d 141, 144 (5th Cir. 1992). The proponent of the expert testimony bears the burden in establishing the expert's qualifications by a preponderance of the evidence. *United States v. Griffith*, 118 F.3d 318, 322 (5th Cir. 1997).

Plaintiffs have designated Ellis as an expert in commercial truck driving and the application of various regulations and guidelines for commercial drivers. Ellis' expert report and testimony focus primarily on the Federal Motor Carrier Safety Regulations ("FMCSR") and Mississippi's Commercial Driver License Manual ("CDL Manual"). In fact, the bulk of Ellis' report is simply a series of copied and pasted sections of the FMCSRs and CDL Manual. In arguing that Ellis is qualified to render his proposed expert testimony, Plaintiffs point to Ellis' ten years of experience as a commercial truck driver. Plaintiffs further note that Ellis holds a current commercial drivers' license. Plaintiffs also reference various certifications and trainings which Ellis has earned and completed.

The court is left unconvinced. Experience as a commercial truck driver, without more, does not qualify one as an expert in regulations and guidelines applicable to commercial truck driving. Otherwise, any and every commercial truck driver in the country could tout themselves as experts in the field. While the court appreciates that Ellis has completed various trainings and earned a few certifications, this fact does not bolster Plaintiffs' argument. The courses listed by Plaintiffs do not demonstrate knowledge of the FMCSRs sufficient to qualify Ellis as an expert. Further, Plaintiffs reference no training pertaining to the CDL Manual. Moreover, it is undisputed that Ellis has produced no peer-reviewed, scientific or academic publications in his purported expertise. Thus,

the court finds that Plaintiffs have not met their burden in establishing Ellis' qualifications by a preponderance of the evidence.

Even assuming, *arguendo*, that Ellis were qualified to give his proffered opinions, the court finds his opinions to be unreliable. "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) (quoting *Heller v. Shaw Indus., Inc.*¸167 F.3d 146, 155 (3d Cir. 1999)). As previously noted, the overwhelming majority of Ellis' expert report is mere copied and pasted portions of the FMCSRs and the CDL Manual. Yet, proof (if any) of a violation of the FMCSRs or CDL manual, without more, would not establish Defendant's liability. Further, immediately following the text of these regulations and guidelines, Ellis simply opines, in conclusory fashion, that Defendant failed to comply with the respective regulation or guidelines, without connecting such opinion to any specific fact(s) of the case. Ellis fails to point to any specific act or omission, which Defendant should or should not have taken, that would have prevented the collision with decedent's vehicle. Moreover, Ellis concedes that he completely ignored the decedent's actions leading up to the collision in forming his opinions.

In accordance with the foregoing analysis, the court finds that Defendant's motion to exclude the expert report and testimony of Rodney D. Ellis is well-taken and is, therefore, **GRANTED**.

**SO ORDERED AND ADJUDGED** this, the 18th day of April, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**